**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESUS FERNANDEZ-ALVAREZ,<br>Defendant-Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>Plaintiff-Respondent. | CASE NO. 05cr0554 JM<br>CIVIL NO. 07cv0789 JM<br><br>ORDER DENYING MOTION BROUGHT PURSUANT TO 28 U.S.C. § 2255 |

Defendant-Petitioner Jesus Fernandez-Alvarez brings this motion pursuant to 28 U.S.C. §2255 ("Motion") alleging that (1) he was denied effective assistance of counsel; (2) the Government breached the plea agreement; and (3) he qualified for a downward departure based on his stipulation for deportation but was denied such departure. The Government has filed a response in opposition to the Motion. Defendant did not file a traverse or other responsive pleading. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the Motion is denied.

**BACKGROUND**

On February 27, 2005 Defendant was apprehended near the United States border

with Mexico while concealing himself in the brush. (ER 2). Defendant, a citizen and national of Mexico, admitted that he was in the country without authorization and that he had been previously deported. On August 11, 2005 Defendant pleaded guilty to the indictment charging him with illegal entry into the United States in violation 8 U.S.C. §1326. In the Plea Agreement, Defendant waived his right to appeal and to collaterally attack his sentence. (ER 38).

At the time of the plea colloquy before Judge John S. Rhoades, Defendant affirmed his acceptance of the offer contained in the Plea Agreement and acknowledged, among other things, that he was waiving his right to appeal or collaterally attack the conviction. (ER 42-43). Defendant affirmed that his plea was being made freely and voluntarily and that the Court did not have to follow the sentencing recommendation of the Government. On October 26, 2005 the Government recommended a guideline range of 70 to 84 months and the Defendant recommended no more than 36 months. (ER 84). Defendant also sought a downward departure by two levels for fast track departure because he pleaded guilty before discovery motions were decided. Defendant also argued that his criminal history was over-represented. In response, the Government noted that Petitioner's felony conviction for sexual battery stemmed from an apparent gang rape and that a Criminal History Category of V adequately represented Petitioner's criminal history. (ER 97).[1] The Government further noted that no fast track departure was permitted because Petitioner rejected the Government's fast track offer and filed numerous substantive motions. (ER 95-96).

On October 31, 2005 Judge Rhodes sentenced Petitioner to 70 months' custody and imposed a three year term of supervised release. Judge Rhodes found that a criminal history category of V was appropriate under the circumstances. Judge Rhodes also asked Petitioner and Petitioner's counsel whether the sentence was within the terms of the Plea Agreement. Both Petitioner and his counsel responded affirmatively. (ER

---

[1] Petitioner has an extensive criminal history: in April 2000 he was convicted of illegal re-entry; in October 1993 he was convicted of sexual battery; and in May 1995 he was convicted of vehicle theft. Petitioner was also deported about four times between 1992 and January 2, 1997.

66:13-23).

On November 14, 2005 Petitioner filed a Notice of Appeal on a pro se basis. Petitioner argued that his counsel failed to identify and investigate various Rule 11 errors made during the plea colloquy and that his waiver was not knowing and intelligent. On January 9, 2007 the Ninth Circuit dismissed the appeal, noting that Petitioner had knowingly and voluntarily waived his right to appeal and was sentenced within the terms of the plea agreement.

Procedurally, on August 31, 2007 the court established a briefing schedule on the Motion. On November 2, 2007 the court granted the Government's request for additional time to file a response to the Motion. Petitioner did not file a traverse to the Government's response.

**DISCUSSION**

The Plea Agreement specifically provides for the waiver of Petitioner's rights to appeal and to collaterally attack the conviction and sentence:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the court imposes a custodial sentence greater than the high end of the guideline range (or statutory mandatory minimum term, if applicable) recommended by the Government pursuant to this plea agreement at the time of sentencing. If the custodial sentence is greater than the high end of that range, defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

(ER38). Here, as a convicted individual with a Criminal History Category V, the court sentenced Petitioner to the low end of the Sentencing Guideline range, 70 months. Accordingly, by the plain terms of the plea agreement, Petitioner has waived his right to attack his conviction and sentence pursuant to 28 U.S.C. §2255. Waivers of a right to appeal or collaterally attack a conviction and sentence are generally valid. See United States v. Abarca, 958 F.2d 1012, 1014 (9th Cir.), cert. denied, 508 U.S. 979 (1993). However, it is not clear that a defendant can validly waive his right to bring an ineffective assistance of counsel claim. In United States v. Pruitt, 32 F.3d 431, 433 (9th

Cir. 1994), the Ninth Circuit "doubt[ed] that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accepted a particular plea bargain" but noted that a waiver to collaterally attack a sentence based "only [on] counsel's alleged mishandling of the sentencing proceedings" is enforceable.

The Government argues that this court should follow the dicta in Pruitt, consistent with the Second, Fifth, Sixth, Seventh, Tenth, and Eleventh Circuits, (Response at pp. 5:19-20; 4:7-9), and hold that an ineffective assistance of counsel exception to collateral attack waivers is limited to those cases directly implicating the validity of the waiver itself, and not to alleged sentencing errors (as long as the actual sentence imposed is consistent with the plea agreement). "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack." United States v. Boce, 488 U.S. 563, 569 (1989).

In light of the errors alleged by Petitioner, the court concludes that he has validly waived his right to collaterally attack the sentence. The only arguments raised by Petitioner attack alleged deficiencies at sentencing. Petitioner does not challenge the voluntariness of his waiver or otherwise inform the court of any other reasoned basis to invalidate the waiver. Seen in this light, the court concludes that Petitioner has validly waived his right to collaterally attack his sentence. See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (upholding the validity of a waiver of appellate and collateral relief because "a contrary result would permit a defendant to circumvent the terms of the sentence - appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver

meaningless").

Nonetheless, even if Petitioner did not validly waive his right to assert such sentencing-related claims, his ineffective assistance of counsel claims fail on the merits. To establish a claim of ineffective assistance of counsel, Petitioner must show that his counsel's performance was deficient, i.e., that it fell below the objective standard of reasonableness, and that counsel's performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 688 (1986). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 687. To establish prejudice, a defendant who pleaded guilty must demonstrate "that his attorney's representation fell below an objective standard of reasonableness and that, but for the errors, he would not have pleaded guilty and would have insisted on going to trial." United States v. Freeny, 841 F.2d 1000, 1002 (9th Cir. 1988).

Petitioner argues that he suffered ineffective assistance of counsel because his counsel failed (1) to argue that the parties had previously agreed to a maximum custodial sentence of 57 months; (2) to argue for a downward departure based upon the stipulated deportation contained in the Plea Agreement; (3) to argue that the court could impose a sentence below the sentencing guidelines under Booker; (4) to argue that an alien's deportation may justify a sentence below the federal guideline range; (5) to object to the Government's assertion that a motion was required for fast-track; and (5) to perfect the record on appeal. These arguments lack evidentiary support and fail to establish that counsel's performance fell below the Strickland standard. There is no evidenced to show that the Government agreed to a maximum custodial sentence of 57 months. The plea agreement set forth an offense level of 21, made no guarantees as to Criminal History Category, and required the Government to recommend the low end of the guideline range. Petitioner received the low end of the guideline range when the court applied a Criminal History Category of V and sentenced Petitioner to the low end of the guideline range. There is simply no room for a colorable claim that the parties

had agreed to a 57 month sentence.[2] Further, the court fully considered the guidelines as advisory after Booker, and sentenced Petitioner accordingly. (ER 65: 6-9). The sentencing judge also noted that there was no basis for fast track and Petitioner does not identify any factors not considered at the time of sentencing. The court also rejects the notion that it is ineffective assistance of counsel not to perfect the record on appeal when there is a valid waiver of appellate and collateral review. Finally, the court notes that both Petitioner and his counsel affirmed at the time of sentencing that the sentence actually imposed fully complied with the terms of the Plea Agreement. (ER 66:13-23).

The court also concludes that Petitioner fails to identify any prejudice within the meaning of Strickland. Petitioner fails to demonstrate that but for counsel's alleged failure he would not have pleaded guilty and would have insisted on going to trial. Petitioner received a 70 month sentence which was the result of downward adjustments and departures that were provided for in the plea agreement (the Government identified a sentencing range of 70 - 84 months and Petitioner was sentenced to the low end of this range based upon a stipulated offense level of 21). As in Freeny, it is "improbable that [defendant] would have chosen to go to trial or, if convicted, would have received a sentence less than" the sentence he actually received. Freeny, 841 F2d at 1002.

In sum, the motion to correct, set aside, or modify the sentence is denied. The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED: January 3, 2008

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties

---

[2] In light of the present evidentiary record, the court also notes that there is also no basis for a colorable claim that the Government breached the Plea Agreement by recommending a 70 month sentence instead of the alleged 57 month sentence.